UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEBORAH A. KING, | Case No. 2:14-CV-751 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| STANDARD METALS PROCESSING, INC, | |
| Defendant(s). | |

Presently before the court is defendant Standard Metals Processing, Inc.'s ("Standard's") motion to dismiss or stay the proceeding or in the alternative, request for a more definite statement. (Doc. # 17). Plaintiff King filed a response in opposition, (doc. # 24), and Standard filed a reply, (doc. # 25).

**I.    Background**

Standard enacted the company's stock option plan in April 2010. (Doc. # 14). On January 21, 2011, Standard amended its articles of incorporation ("the amendment.") *Id.* The amendment increased the number of shares available under the stock option plan from 3 million to 13.5 million. *Id.* The board of directors approved the amendment. No stockholder vote was held. (*See id.*).

The amendment provided authority for the company to issue up to 500 million shares of common stock and 50 million shares of preferred stock. These shares could be issued subject to the discretion of the board of directors.

Plaintiff's husband is a former chief executive officer and director of Standard. *Id.* On or about January 21, 2011, plaintiff's husband entered into an individual stock option agreement with Standard pursuant to the amendment ("the individual agreement.") *Id.* Under the

**James C. Mahan**
**U.S. District Judge**

1  individual agreement, plaintiff's husband was granted 3.5 million options to purchase Standard's
2  common stock at $0.51 per share. That same day, plaintiff's husband assigned his options to
3  plaintiff. *Id.*

4  Between April 25, 2011 and September 9, 2011, plaintiff exercised her rights under the
5  agreement and sold 40,655 Standard options/shares. *Id.* On April 11, 2014, Standard filed a
6  Form 10-K, its "annual report," for 2013. The report included a note to the company financials
7  which stated that the amendment was invalid because it was not approved by the stockholders, as
8  required by the terms of the stock option plan. *Id.*

9  After learning of the statements in the April 11, 2014 Form 10-K, plaintiff learned that, in
10 February 2014, another option holder attempted to exercise 310,000 options. Standard refused to
11 comply with the exercise, claiming that, because the amendment increasing the number of shares
12 was invalid, Standard had insufficient shares to issue the stockholder.

13 On May 14, 2014, plaintiff filed the instant action for declaratory relief and anticipatory
14 repudiation. Plaintiff is a Georgia resident. Defendant Standard is a Nevada corporation.

15 On June 14, 2014, plaintiff allegedly sought to buy 250,000 shares of stock. Standard has
16 failed to honor her request. Standard's April 11, 2014 Form 10-K indicated that there were only
17 200,000 shares available to satisfy options it had granted plaintiff and others under the
18 amendment. On June 25, 2014, plaintiff amended her complaint to include a breach of contract
19 claim stemming from the June 14, 2014, attempted exercise. (Doc. # 14).

20 On July 16, 2014, Standard filed a notice of related cases. (Doc. # 16). The instant
21 action is related to *Standard Metals Processing, Inc. v. Flechner*, case no. 31-cv-2014-
22 900345.00, a complaint for declaratory judgment in the Circuit Court of Etowah County,
23 Alabama.[1] Standard filed the complaint on April 29, 2014. The action was removed to the
24 Northern District of Alabama on May 28, 2014.

25 . . .
26 . . .

---

[1] Standard also named fictitious plaintiffs A-Z who are individuals, entities, corporations, trusts, organizations or others who may have been issued stock options by Standard pursuant to the amendment.

**James C. Mahan**
**U.S. District Judge**

- 2 -

The instant action is also related to *Flechner v. Standard Metals Processing, Inc.*, case no. 1:14-cv-01213, filed in the United States District Court for the District of Colorado on April 29, 2014. There are pending motions to remand the Alabama case to state court and to transfer it to the District of Colorado.

Based on this procedural history, defendant has filed the instant motion to dismiss or stay the proceeding or in the alternative, request for a more definite statement. (Doc. # 17).

## II.     Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id*. (internal quotations and alterations omitted). When the allegations in a complaint have not

James C. Mahan
U.S. District Judge

1 crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*,
2 550 U.S. at 570.

3 The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d
4 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "[f]irst, to be entitled to the presumption of
5 truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of
6 action, but must contain sufficient allegations of underlying facts to give fair notice and to enable
7 the opposing party to defend itself effectively. Second, the factual allegations that are taken as
8 true must plausibly suggest an entitlement to relief, such that it is not unfair to require the
9 opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

10 **III.  Discussion**
11     *A.  First-to-file rule*

12 The "first-to-file" rule is a doctrine of federal comity that permits a district court to
13 decline jurisdiction over an action when a complaint involving the same parties and issues has
14 already been filed in another district. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95
15 (9th Cir. 1982) (citing *Church of Scientology of Calif. v. U.S. Dep't of the Army*, 611 F.2d 738,
16 749 (9th Cir. 1979)); *see also Olin Corp. v. Cont'l Cas. Co.,* 2011 WL 1337407, *2 (D. Nev.
17 April 6, 2011) (holding that the purpose of the first-to-file rule is to "avoid the waste of
18 duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid
19 piecemeal resolution of issues that call for a uniform result.")

20 Generally, sound judicial administration would indicate that when two identical actions
21 are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try
22 the lawsuit and no purpose would be served by proceeding with a second action. *Id.* However,
23 the first-to-file rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be
24 applied with a view to the dictates of sound judicial administration. *Id.* The purpose of the rule
25 is to promote efficiency and to avoid duplicative litigation and thus it should not be lightly
26 disregarded. *Alltrade, Inc. v. Uniweld Prod., Inc.,* 946 F.2d 622, 625 (9th Cir.1991).
27 . . .
28 . . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

When applying the first-to-file rule, courts look to three threshold factors: "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." *Global Experience Specialists, Inc. v. Cunniffe*, 2:14-cv-00421-JCM-NJK, 2014 WL 3748931, *4 (D. Nev. July 30, 2014) (quoting *Nesbit v. Fornaro,* 2011 WL 1869917, *2 (D. Nev. March 31, 2011)). "[T]he first-to-file rule does not require strict identity of the parties, but rather substantial similarity." *Id.* (quoting *Nesbit,* 2011 WL 1869917 at *3). Likewise, the sameness requirement does not mandate that the two actions be identical, but is satisfied if they are sufficiently similar. *Id.*

Standard argues that plaintiff's action should be dismissed under the first-to-file rule, because the complaint involves substantially the same issues and parties as the Alabama and Colorado cases. (Doc. # 17). In fact, plaintiff is a fictitious defendant in the Alabama case which was filed by Standard. Further, all three cases involve the same "property, transaction, or event" and "involve similar questions of fact and the same question of law," namely, whether the amendment is valid. All of plaintiff's claims depend on the amendment's validity. Because the Alabama court's declaration as to the validity of the amendment will be dispositive of plaintiff's action, the first-to-file rule applies.

Alternatively, Standard moves for a more definite statement as to plaintiff's breach of contract claim. Although plaintiff alleges that she properly sought to exercise 250,000 of her stock options, (doc. #45), Standard claims it has not received any such demand, (doc. # 10 Ex. E). In the absence of a more definite statement as to plaintiff's purported demand to exercise her stock options, Standard claims it cannot determine whether to plead a Rule 12(b)(6) defense in its answer.

Plaintiff responds that the first-to-file rule is inapplicable to the Alabama action because it is proceeding in state court. Plaintiff argues that the parties in the Colorado litigation are not substantially the same because a judgment in the Colorado litigation will not impact plaintiff's right to pursue recovery pursuant to her agreement with Standard. (Doc. # 24). Further, plaintiff alleges the issues involved in the Colorado case are not substantially similar to the issues before this court because the two lawsuits do not involve the same business relationship, parties, or

James C. Mahan
U.S. District Judge

- 5 -

1  contract. Alternatively, plaintiff argues equitable interests and federal comity weigh against
2  application of the first-to-file rule. Finally, if the first-to-file rule applies, plaintiff requests the
3  court stay rather than dismiss her case.

4  *(1) Chronology of the actions*

5  Standard commenced the Alabama action on April 29, 2014. (Doc. #17 Ex. 1). Plaintiff
6  filed the instant action on May 5, 2014. The Alabama action was removed to the Northern
7  District of Alabama on May 28, 2014. Although no Ninth Circuit case specifically addresses the
8  issue, district courts have considered the initial filing date in state court of a subsequently
9  removed action as the date of filing for purposes of the first-to-file rule. *See Global Experience*
10  *Specialists*, 2014 WL 3748931 at * n. 4 (collecting cases). Likewise, the Colorado action was
11  filed before the instant action on April 29, 2014. Therefore, the chronology factor of the first-to-
12  file rule is satisfied.

13  *(2) Similarity of the Parties*

14  The parties in the Alabama case are substantially similar to those in the instant action.
15  First, Standard is the plaintiff in the Alabama case. Second, the Alabama case caption identifies
16  defendants as Stephen E. Flechner and also names "fictitious parties A-Z who are individuals . . .
17  *who may have been issued stock options by [Standard] pursuant to the January 21, 2011 Plan*
18  *amendment.*" (Emphasis added). Plaintiff is an individual who was in fact issued stock options
19  pursuant to the January 21, 2011 amendment. Therefore, plaintiff is a fictitious defendant in the
20  Alabama case.

21  The parties to the instant case and the Colorado case are also substantially similar, albeit
22  to a lesser degree. In the Colorado case, Mr. Flechner, as an owner of stock options issued by
23  Standard pursuant to the amendment, is the plaintiff while Standard is, again, the defendant. As
24  the first-to-file rule does not require strict identity of the parties, the court finds this requirement
25  satisfied.

26  *(3) Similarity of the Issues*

27  The sameness requirement does not mandate that the two actions be identical. While the
28  elements of the claims are distinct in part, resolution of the claims in each case will turn on a

**James C. Mahan**
**U.S. District Judge**

- 6 -

determination of fact, namely, whether the amendment is valid.  For example, whether plaintiff can sue for breach of contract stemming from the June 14, 2014 attempted exercise depends on whether the amendment was valid.  Likewise, plaintiff's claims for declaratory judgment and anticipatory repudiation turn on the amendment's validity.  The validity of the amendment is at the center of both the Colorado and Alabama actions as well.  "Due to the related nature of the underlying factual disputes, the issues involved in the various claims [are] substantially similar." *Williamson v. American Mastiff Breeders Counsel*, 2009 WL 634231, * 3 (D. Nev. March 6, 2009).  Therefore, the third factor of the first-to-file rule is satisfied.

All three factors weigh in favor of invoking the first-to-file rule.  Therefore, the court will exercise its discretion and invoke the rule unless principles of equity militate otherwise.

B.  *Federal comity*

Even if the threshold factors of the first-to-file rule are satisfied, the district court retains discretion to disregard the rule in the interests of equity.  *Alltrade*, 946 F.2d at 622, 625.  The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping.  *Id.* at 628.  A court may also relax the first-to-file rule if the balance of convenience weighs in favor of the later-filed action.  While the *Alltrade* court cautioned that the respective convenience of the two courts normally "should be addressed to the court in the first filed action" rather than to the court in the later-filed action, it observed that "[i]n appropriate cases it would be relevant for the court in the second-filed action to give consideration to the convenience of the parties and witnesses." *Id. at 628.*

Plaintiff does not allege that any of the typical exceptions apply here.  Plaintiff argues judicial efficiency will not be served by transferring or staying this action.  Plaintiff is a Georgia resident; thus, she is not subject to jurisdiction in Colorado or Alabama.  Additionally, Standard is a Nevada corporation and neither the Colorado nor the Alabama court has better access to the relevant evidence and witnesses than this court. (Doc. # 24).

Defendant counters plaintiff's action is virtually identical to the Alabama and Colorado actions in terms of claims, parties, and requested relief, therefore, the action is duplicative and judicial efficiency weighs in favor of staying or dismissing the proceedings. (Doc. # 17).

**James C. Mahan**
**U.S. District Judge**

- 7 -

Because "[n]either fairness considerations nor equitable concerns bar the application of the rule to the instant case," *Alltrade*, 946 F.2d at 628, the court will apply the first-to-file rule and dismiss or stay the proceeding.

C. *Dismissal or Stay*

Dismissal is proper where the court of first filing provides adequate remedies. *Id.* at 627–28. If there are concerns regarding the availability of remedies in the court of first filing, or regarding its jurisdiction over claims which might implicate a statute of limitations if dismissed by that court, then the court of second filing should consider a stay. *Id.* at 627–29.

Should the court invoke the first-to-file rule, plaintiff argues her suit should be stayed, not dismissed. (Doc. # 24). First, neither the Colorado nor Alabama lawsuit will resolve plaintiff's personal rights against Standard. Nor does either court have jurisdiction over plaintiff. Additionally, if plaintiff's case is dismissed, she will have to incur the additional expenses related to re-filing the lawsuit.

The court finds that the court of first filing will provide plaintiff with adequate remedies. Therefore, the court will dismiss this case.

D. *More definite statement*

Because the court finds the first-to-file rule is satisfied and will exercise its discretion to dismiss the case, defendant's motion for a more definite statement is denied as moot.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Standard Metals Processing, Inc.'s motion to dismiss or stay the proceeding or in the alternative, request for a more definite statement, (doc. # 17), is GRANTED in part and DENIED in part, consistent with the foregoing. The clerk is instructed to close the case.

DATED December 9, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**